NOT DESIGNATED FOR PUBLICATION

Nos. 126,960
126,961

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

ROLANDIS D. REED,
*Appellee*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; BRUCE BROWN, judge. Opinion filed November 22, 2024. Affirmed.

Submitted by the parties for summary disposition pursuant to K.S.A. 21-6820(g) and (h).

Before SCHROEDER, P.J., MALONE and BRUNS, JJ.

PER CURIAM: Rolandis D. Reed timely appeals the district court's denial of his motion to correct illegal sentence. Reed asserts the district court erroneously included his 2016 conviction for criminal threat in 16CR1601 as a person felony in determining his criminal history at sentencing in 20CR1242. Reed argues this conviction cannot be considered for criminal history purposes because in *State v. Boettger*, 310 Kan. 800, 822-23, 450 P.3d 805 (2019), our Supreme Court held reckless criminal threat under K.S.A. 2018 Supp. 21-5415(a)(1) was unconstitutional. See K.S.A. 21-6810 (prior convictions for offenses later held unconstitutional cannot be used to determine offender's criminal history). Reed contends the State failed to prove by a preponderance of the evidence at

1

sentencing that his prior conviction was for intentional criminal threat, not reckless criminal threat.

We granted Reed's motion for summary disposition in lieu of briefs under Supreme Court Rule 7.041A (2024 Kan. S. Ct. R. at 48). The State responded and did not oppose summary disposition.

After a thorough review of the record, we find the jury instruction under which Reed was convicted only referred to intentional criminal threat; therefore, the district court correctly determined Reed was convicted of intentional criminal threat and properly denied his motion. Accordingly, we affirm.

In May 2021, Reed pled guilty to robbery in 20CR1242. At sentencing in June 2021, the district court found Reed was a criminal history category B. As part of its determination, the district court included Reed's 2016 conviction for criminal threat as a person felony. In August 2023, Reed filed a motion to correct illegal sentence, arguing his criminal threat conviction should not have been used in determining his criminal history score. The district court denied his motion, noting the jury instructions in 16CR1601 only referred to intentional criminal threat. We agree with the district court.

When examining the nature of a defendant's prior conviction, a court may look at a limited class of documents to determine which version of the crime the defendant was convicted of when the statute of conviction has divisible elements for the prior offense, one of which is the jury instructions. *Johnson v. United States*, 559 U.S. 133, 144, 130 S. Ct. 1265, 176 L. Ed. 2d 1 (2010). Here, the jury instruction for criminal threat in 16CR1601 provided, in relevant part:

2

"To establish this charge, each of the following claims must be proved:

"1. The defendant threatened to commit violence with the intent to place another in fear.

"2. This act occurred on or about the 5th day of June, 2016, in Sedgwick County, Kansas.

"The State must prove that the defendant committed the crime intentionally. A defendant acts intentionally when it is the defendant's desire or conscious objective to do the act complained about by the State or cause the result complained about by the State."

Because this instruction contains no reference to reckless criminal threat, there is no possibility Reed was convicted of anything but intentional criminal threat and his criminal history was accurately scored as a B. The district court properly denied Reed's motion to correct illegal sentence.

Affirmed.